ELD-021                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 09-3838

_____

IN RE: NIKOLAOS LAGOGIANNIS,
Petitioner

_____

On Petition for a Writ of Mandamus from the
Board of Immigration Appeals
(Related to A-018-729-391)

_____

Submitted Under Rule 21, Fed. R. App. P.
March 18, 2010

Before: MCKEE, RENDELL and SMITH, Circuit Judges

(Filed:  April 9, 2010)

_____

OPINION

_____

PER CURIAM.

    Nikolaos Lagogiannis has filed a petition for a writ of mandamus under 28 U.S.C.

§ 1651.  Lagogiannis, presently an inmate in the State of New York, is a native and

citizen of Greece subject to an order of removal entered by an Immigration Judge ("IJ").

In 2008, Lagogiannis filed a pro se petition for review seeking review of the IJ's removal

order as well as additional orders entered by the IJ and the Board of Immigration Appeals

("BIA"). On September 26, 2008, this Court dismissed the petition for review because it was untimely filed as to the orders entered by the BIA, and because Lagogiannis had failed to exhaust available administrative remedies as to the orders entered by the IJ. See C.A. No. 08-2963 (order and judgment entered 9/26/08).

In his mandamus petition, Lagogiannis contends that he did not receive a copy of the Court's September 26, 2008, judgment until January 29, 2009, because he was in transit between several correctional facilities. Lagogiannis claims that delayed receipt of the judgment deprived him of the opportunity to petition for rehearing or to seek further review.[1] Lagogiannis asks that we vacate the judgment.

A writ of mandamus is an appropriate remedy in extraordinary circumstances only. Kerr v. United States Dist. Ct., 426 U.S. 394, 403 (1976). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (quotation marks and punctuation omitted).

We will deny the petition. Assuming arguendo that a writ of mandamus is an appropriate vehicle for Lagogiannis to raise his present arguments, it is clear that Lagogiannis never advised the Clerk of Court of his change in address, and the Clerk immediately mailed the judgment after its entry to Lagogiannis's most current address on

---

[1] Lagogiannis's characterization of this Court's judgment as entered "in absentia" is incorrect. Lagogiannis was a party to the proceeding before this Court.

2

file, which was the same address that Lagogiannis had used in an August 6, 2008, submission to this Court. It was incumbent upon Lagogiannis to advise the Clerk of his current address. Any delay in receipt of the judgment, therefore, is attributable solely to Lagogiannis. Further, Lagogiannis filed a motion for leave to petition for rehearing out of time, and this Court denied the motion. Lagogiannis has not shown that he was unfairly denied an opportunity to seek rehearing or further review.

For the foregoing reasons, the petition for a writ of mandamus will be denied.